UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ARTHUR CENTENO <br> *Plaintiff* <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY <br> *Defendant* | § <br> § <br> § Cause No. 5:19-CV-01259 <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Arthur Centeno, hereinafter at times referred to as Plaintiff, complaining of and about State Farm Mutual Automobile Insurance Company ("State Farm"), hereinafter at times called Defendant, and for cause of action would show the following:

1. Jurisdiction & Venue

1.1 This Court has jurisdiction over this suit pursuant to 28 U.S.C., §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in the controversy exceeds $75,000, excluding interest and costs.

1.2. Venue is proper in this Court pursuant to 28 U.S.C., §1391(a)(2), as a substantial part of the events or omissions giving rise to this claim occurred in Comal County, Texas a county emcompassed within the Western District of Texas. *See also* 28 U.S.C. §§124; 1441.

2. Parties

2.1 Plaintiff Centeno currently lives in San Antonio, Texas and holds a Texas driver's license

number 06995234.

2.2     Defendant State Farm is a foreign corporation incorporated in the State of Illinois but doing business within the State of Texas. Service of process can be accomplished by serving its registered agent for service: Corporation Service Company, 211 E. 7th St., Ste 620, Austin, Texas, 78701-3218.

## 3. Nature of the Action

3.1     This is a case stemming from a motor vehicle collision involving a vehicle that was operated by Dr. Arthur Centeno and involved in a collision with an underinsured driver in Comal County, Texas.

## 4. Facts

4.1     On or about June 19, 2015, Plaintiff was driving south on Smithson Valley Road in Comal County, Texas.

4.2     On that occasion William Clayton was traveling north on Smithson Valley Road.

4.3     Suddenly and without warning, William Clayton, an underinsured driver, drove his vehicle into Plaintiff's lane of traffic, forcing Plaintiff to strike the vehicle driven by William Clayton.

4.4     As a result of the actions of the underinsured driver, Plaintiff suffered immediate bodily injury and serious and permanent bodily injuries and damages described further herein.

## 5. Claim I: Negligence

5.1     The collision and the resulting injuries and damages sustained by Plaintiff was proximately caused by one or more acts of negligence of William Clayton, the underinsured driver, as follows:

    5.1.1   By failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

5.1.2   In failing to timely apply the brakes to the vehicle in order to avoid the collision in question;

5.1.3   In failing to apply the brakes of the vehicle in order to avoid the collision in question;

5.1.4   In driving the vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

6.

6.1     Pursuant to an insurance policy issued by Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and in full force and effect at all times material to this action, Plaintiff was a party protected under said policy for injuries and damages sustained due to the acts of an underinsured driver. Plaintiff is entitled to payment from Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY for injuries and expenses arising out of the aforementioned accident under the terms and conditions of the uninsured/underinsured portions of such policy issued by Defendant in full force at the time of the collision made the basis of this suit.

6.2     Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has failed and refused to pay Plaintiff in accordance with its contractual obligations.

7.

7.1     Each of the foregoing negligent acts and omissions whether taken singularly, or in any combination, was the proximate cause of Plaintiff's injuries and damages which are described hereinafter with more particularity.

8.

8.1 As a direct and proximate result of the collision and the aforesaid negligence of the underinsured driver, Plaintiff has incurred the following damages:

    8.1.1 Reasonable and necessary medical expenses in the past;

    8.1.2 Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

    8.1.3 Physical pain suffered in the past;

    8.1.4 Physical pain which, in all reasonable probability, will be suffered in the future;

    8.1.5 Mental anguish suffered in the past;

    8.1.6 Mental anguish which, in all reasonable probability, will be suffered in the future;

    8.1.7 Physical impairment in the past; and

    8.1.8. Physical impairment which, in all reasonable probability, will be suffered in the future.

9.

9.1 Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CO`DE Ch. 37 that the underinsured motorist was at fault in causing the incident made the basis of this lawsuit, that specifies the damages sustained by Plaintiff as a result of the incident made the basis of this lawsuit, that the extent of damages sustained by Plaintiff exceed the policy limits being carried by the underinsured driver, that those damages fall within the coverage afforded him under the Defendant's insurance policy, that he is entitled to recover from Defendant his total damages resulting from the motor vehicle collision made the basis

of this lawsuit, and that specifies the amount of damages, attorney fees, interest, and court costs that Defendant is obligated to pay.

10.

10.0   Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court. Such monetary relief is to be in an amount deemed to be just and fair by a jury of Plaintiffs' peers and is to be over $200,000 but not more than$1,000,000.

11. Jury Demand & Prayer

11.1   Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that on final hearing of this cause, Plaintiff have a judgment against Defendant for actual damages in an amount within the jurisdictional limits of this Court as stated above; for costs of suit; for attorneys' fees, for interest on the judgment; for pre-judgment interest; and for such other and further relief, in law or in equity, to which the Plaintiff may show himself justly entitled, including the requested Declaratory Judgment.

Respectfully submitted,

LAW OFFICES OF FIDEL RODRIGUEZ, JR.
111 Soledad, Suite 1300
San Antonio, Texas 78205
(210) 224-1057; Telephone
(210) 224-0533; Facsimile

BY:   /S/ FIDEL RODRIGUEZ, JR.
      FIDEL RODRIGUEZ, JR.
      State Bar No. 17145500
      fidel@fidrodlaw.com
      ATTORNEY FOR PLAINTIFF
      ARTHUR CENTENO